NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 3 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRIAN ALEXIS, AKA Blagoy Petrov Alexiev, | No. 15-56035 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-01529-ODW-GJS |
| v. | MEMORANDUM* |
| COUNTY OF LOS ANGELES, official capacity; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted September 27, 2017**

Before:    SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Brian Alexis, AKA Blagoy Petrov Alexiev, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging claims arising

from a state court family law case. We have jurisdiction under 28 U.S.C. § 1291.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review de novo the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm.

The district court properly dismissed Alexis' claims against Judges Lewis and Pacheco on the basis of judicial immunity. *See Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) (describing factors relevant to whether an act is judicial in nature and therefore subject to judicial immunity).

The district court properly dismissed Alexis' claims alleging that the County of Los Angeles is liable because it is "represented" by the Judges, as the California Superior Court and its judges are State actors, not County actors. *See Greater L.A. Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987) (suit against a California superior court is a suit against the State, which is barred by Eleventh Amendment immunity), *superseded by statute on other grounds*; *cf. Hyland v. Wonder*, 117 F.3d 405, 413 (9th Cir. 1997) (describing California Superior Court judges as State agents or employees).

**AFFIRMED.**